[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10030
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cr-00035-LGW-CLR-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK REESE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 9, 2021)

Before MARTIN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Derrick Reese appeals the district court's denial of his

motion to reduce his sentence under the First Step Act of 2018, Pub. L. 115–391,

132 Stat. 5194. Reese argues that he is eligible for a sentence reduction on the ground that his offense was subject to the Act's retroactive sentence-reduction provision. Upon careful consideration and in light of recent Supreme Court jurisprudence, we conclude that Reese's arguments are unsuccessful. Accordingly, we affirm.

## I.

In early 2009, Reese sold a total of 6.85 grams of crack cocaine to undercover law enforcement agents. Reese was arrested shortly afterward and eventually pleaded guilty to one count of distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1). Under his plea agreement, Reese acknowledged that "the Court is free to impose any sentence authorized by law up to the statutory maximum sentence of Imprisonment for not more than 20 years[.]" The district court accepted Reese's plea and then sentenced him to imprisonment for 188 months.

In 2019, Reese filed a motion to reduce his sentence under the First Step Act, which had been enacted the previous year. The district court denied his motion on the ground that he was ineligible for a reduction under the Act. Reese timely appealed.

## II.

We review *de novo* "whether a district court had the authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). And "[w]e review for abuse of discretion the denial of an eligible movant's

2

request for a reduced sentence under the First Step Act." *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Norris v. United States*, 820 F.3d 1261, 1265 (11th Cir. 2016) (citation omitted).

### III.

Under the pre-2010 version of 21 U.S.C. § 841(b)(1)(A), a violation under 21 U.S.C. § 841(a) carried a mandatory-minimum penalty of 10 years imprisonment if the offense involved at least 50 grams of crack cocaine. And under the pre-2010 version of the next provision—Section 841(b)(1)(B)—a Section 841(a) violation carried a mandatory-minimum penalty of 5 years imprisonment if the offense involved at least 5 grams of crack cocaine. By contrast, the pre-2010 version of Section 841(b)(1)(C) imposed "a third penalty—possession with intent to distribute an unspecified amount of a schedule I or II drug—that" had a maximum penalty of 20 years imprisonment, "did not depend on drug quantity, and did not include a mandatory minimum." *Terry v. United States*, 593 U.S. —, No. 20-5904, slip op. at 2 (June 14, 2021). Crack cocaine is a Schedule II drug. *See* 21 U.S.C. § 812, Sched. II(a)(4).

The Fair Sentencing Act of 2010 amended the penalties in Section 841(b)(1)(A) and (B) to apply to offenses involving at least 280 and 28 grams of

3

crack cocaine, respectively. Pub. L. 111–220 at § 2, 124 Stat. 2372. The First Step Act made those amendments retroactive by allowing a court that imposed a sentence under Section 841 to impose a reduced sentence as if those amendments were in effect at the time that the offense was committed. *See* Pub. L. 115–391 at § 404, 132 Stat. at 5222. However, the Supreme Court has recently clarified that "[t]he Fair Sentencing Act changed nothing in subparagraph (C)" and that penalties imposed under that subparagraph are consequently unaffected by the First Step Act. *Terry*, slip op. at 7–8.

On appeal, Reese argues that his sentence under Section 841(b)(1) qualified for a reduction under the First Step Act. "To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment." *Jones*, 962 F.3d at 1300–01. From those sources, "the district court must determine whether the movant's offense triggered the higher penalties" found in Section 841(b)(1)(A) or (B). *Id.* at 1301. We have also rejected the argument that a district court must make this determination "by considering the specific quantity of crack cocaine involved in the movant's violation." *Id.*

Here, the records show that the district court sentenced Reese under subparagraph (C), not subparagraphs (A) or (B). Although it was at some point ascertained that Reese had sold 6.85 grams of crack cocaine, his indictment made no

4

mention of that—or any—quantity of the drug. Moreover, Reese's presentence investigation report stated that "[t]he maximum term of imprisonment is twenty years" and described the statutory provisions of his supervised release as being "pursuant to 21 U.S.C. § 841(b)(1)(C)." Finally, Reese's plea agreement expressly described "the statutory maximum sentence of Imprisonment" as being "not more than 20 years." Those details are consistent with or required by subparagraph (C) but inconsistent with subparagraphs (A) and (B). Accordingly, we conclude that Reese was sentenced under Section 841(b)(1)(C) and was therefore not eligible for a sentence reduction under the First Step Act.

**IV.**

For the reasons stated above, we **AFFIRM** the district court's denial of Reese's motion to reduce his sentence.